# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6933 | **DATE** | 12/6/2012 |
| **CASE TITLE** | Calvin L. Merritte ®-53322) vs. County Of Lasalle, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for leave to proceed in forma pauperis [12], ]13] are granted. The trust fund officer at Plaintiff's place of confinement is ordered to collect the initial partial filing fee of $280.00, and once the amount is collected, to immediately transfer the funds to the Clerk of the Court of the United States District Court for the Northern District of Illinois at 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. The Clerk of this court is directed to serve or forward a copy of this order to the trust fund officer at Plaintiff's place of confinement. Plaintiff's motion for appointment of counsel [14] is denied.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Calvin Merritte's (Merritte) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. On November 5, 2012, the court denied Merritte's prior motion for leave to proceed *in forma pauperis*. The court gave Merritte until December 4, 2012, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois with a current prison trust account statement. The court also warned Merritte that if he failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form for the Northern District of Illinois with a current prison trust account statement by December 4, 2012, this case would be dismissed.

On November 26, 2012, Merritte filed a properly completed *in forma pauperis* application form for the Northern District of Illinois with a current prison trust account statement. Merritte indicates that in the last six months he has received $1,520.00 in gifts, and his prison trust account statement indicates that he currently has $330.39 in the account. Merritte also indicates that he has significant debts in excess of $1,900.00 owed to the Seventh Circuit Court of Appeals, other courts, and other debtors. Merritte indicates that he is willing and able to immediately pay $280.00 as an initial partial filing fee. Based on the above,

# STATEMENT

Merritte's motion for leave to proceed *in forma pauperis* is granted.

Pursuant to 28 U.S.C. § 1915, a "prisoner [that] brings a civil action or files an appeal in forma pauperis, . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b), if a court allows a prisoner to proceed *pro se*, the court should first assess an initial partial filing fee. *Id.* Once that initial partial filing fee is collected, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.*

The trust fund officer at Merritte's place of confinement is ordered to collect the initial partial filing fee of $280.00, and once the amount is collected, to immediately transfer the funds to the Clerk of the Court of the United States District Court for the Northern District of Illinois at 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. The Clerk of this court is directed to serve or forward a copy of this order to the trust fund officer at Merritte's place of confinement.

After payment of the initial partial filing fee, the trust fund officer at Merritte's place of confinement is directed to collect monthly payments from Merritte's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Merritte's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350.00 filing fee is paid. All payments shall be sent to the Clerk of the Court of the United States District Court for the Northern District of Illinois at 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Merritte's name and case number assigned to this action. The trust fund officer at Merritte's place of confinement shall notify transferee authorities of any outstanding balance in the event Merritte is transferred from the jail to another correctional facility.

Merritte also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of

| STATEMENT |
|---|

granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse," and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Merritte has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Merritte's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Merritte is competent to present his case at this juncture without the assistance of appointed counsel. Therefore, an appointment of counsel is not warranted at this juncture, and the motion for appointment of counsel is denied.