Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6933 | **DATE** | 6/19/2013 |
| **CASE TITLE** | Calvin L. Merritte ®-53322) vs. County Of Lasalle, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider appointment of counsel [48] is denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Calvin L. Merritte's (Merritte) motion to reconsider. On December 6, 2012, the court denied Merritte's motion for attorney assistance. Merritte requests that the court reconsider that decision and requests the assistance of counsel in accordance with *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013); *see also, e.g., Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007). An indigent civil litigant does not have a right to the assistance of counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can request that counsel voluntarily assist indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1).

The Seventh Circuit has recognized that inmates may face difficulties in proceeding without the assistance of counsel in civil matters. *See Santiago v. Walls*, 599 F.3d 749, 763 (7th Cir. 2010)(noting that "[t]he fact that [the plaintiff] did not have ready access to any of the witnesses, documents or defendants certainly compounded his difficulty in engaging in the sort of pretrial discovery necessary to put on a credible case"). However, the Seventh Circuit has made clear that a plaintiff is not automatically entitled to the assistance of counsel because the plaintiff is incarcerated, and that a court must still be guided by the

| STATEMENT |
|---|

factors set forth in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). *Id.; Bracey v. Grondin*, 712 F.3d 1012 (7th Cir. 2013)(acknowledging that "all inmates confront the discovery restrictions," that "if the need to access otherwise inaccessible documents requires recruitment of counsel, recruitment would result in nearly all such cases," and that "Section 1915 does not impose that burden").

Merritte contends that he is incarcerated in segregation and that it is difficult for him to investigate facts, do legal research, and conduct discovery, "especially depositions." (Mot. 1-2). Merritte also contends that he has "limited access to legal materials," that his "hours in the law library are substantially restricted," and that the law library has inadequate resources. (Mot. 1-2). However, Merritte brought the instant action and, as the plaintiff, it is incumbent upon him to prosecute this action. Nothing would prevent Merritte from getting a third-party to conduct investigations, if Merritte is unable to conduct investigations himself because he is incarcerated. Merritte does not assert that he is unable to conduct discovery, but asserts in his instant motion that it is "difficult." (Mot. 1). Merritte has provided only conclusory statements as to the difficulties he has experienced in conducting discovery. The court has given discovery deadlines, and if Merritte files a timely and proper motion and provides specific reasons concerning the need for an extension as to specific discovery matters in such a motion, the court will address such motion at that juncture. At this juncture, Merritte has not presented sufficient facts to show that he is impaired in any material respect in conducting legal research and discovery.

Merritte has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Merritte's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Merritte is competent to present his case at this juncture without the assistance of counsel. Merritte has not shown that the court erred in it's denial of his motion for attorney assistance, and the motion to reconsider is therefore denied.